UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDY ESTRELA NEVES, | Case No.: 13-CV-04724-LHK |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| PAUL R. KRAFT D/B/A LAW OFFICE OF PAUL R. KRAFT, | |
| Defendant. | |

Plaintiff Sandy Neves moves for default judgment against Defendant Paul Kraft. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and therefore VACATES the hearing set for August 7, 2014. For the reasons set forth below, Ms. Neves' motion is GRANTED in part and DENIED in part.

**I.    BACKGROUND**

Ms. Neves alleges that Mr. Kraft's principal business is filing lawsuits to collect on defaulted consumer debts due or alleged to be due. ECF No. 1 ¶ 8. Mr. Kraft, in an underlying action in Santa Clara County Superior Court that was filed on December 20, 2012, alleged that Ms. Neves was obliged to pay a consumer debt issued by Bank of the West that was later transferred to Baseline Financial Services, which in turn retained Mr. Kraft to help collect. *Id.* ¶¶ 9-12.

1    On February 12, 2013, Ms. Neves retained Fred Schwinn as counsel in the underlying
2 action. *Id.* ¶ 13. On February 13, 2013, Mr. Schwinn served Mr. Kraft with Ms. Neves' answer in
3 the underlying action, which notified Mr. Kraft that Mr. Schwinn was representing Ms. Neves. *Id.*
4 ¶ 14. On February 28, 2013, with knowledge that Ms. Neves was represented by Mr. Schwinn, Mr.
5 Kraft allegedly sent a litigation document in the underlying action directly to Ms. Neves. *Id.* ¶ 18.

6    On October 10, 2013 Ms. Neves filed her Complaint in the instant litigation alleging
7 violations of the Fair Debt Collection Practices Act ("FDCPA") stemming from Mr. Kraft's direct
8 communication with a represented party. *See id.* Mr. Kraft was served on December 12, 2013, and
9 his answer was therefore due on January 2, 2014. *See* ECF No. 9. Mr. Kraft did not file a timely
10 answer, and on January 10, 2014, Ms. Neves filed a Motion for Entry of Default. ECF No. 10. The
11 Clerk entered default on January 16, 2014. ECF No. 14. On March 25, 2014, Ms. Neves filed the
12 instant Motion for Default Judgment. *See* ECF No. 20.

## II.    LEGAL STANDARD

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). After entry of default under Fed. R. Civ. P. 55(a), the Court may enter a default judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b)(2). "A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)) (internal quotation marks omitted). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

2
Case No.: 13-CV-04724-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).

### III. ANALYSIS

#### A. Jurisdiction

##### 1. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Ms. Neves' FDCPA claim under 15 U.S.C. § 1692k(d), which states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs." Ms. Neves filed her complaint on October 10, 2013, well within one year of Mr. Kraft's alleged violation on February 28, 2013.

##### 2. Personal Jurisdiction

No federal statute governs personal jurisdiction in cases involving the FDCPA. *See Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.*, 399 F. Supp. 2d 1108, 1111 (D. Haw. 2005). Therefore, California state law applies. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993)). California courts "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Accordingly, as long as the requirements of the Due Process Clause of the United States Constitution are satisfied, this Court's exercise of personal jurisdiction over Defendants is proper. *See Panavision*, 141 F.3d at 1320. "Due process requires that a defendant have minimum contacts with the forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1259 (9th Cir. 1989) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction." *Panavision*, 141 F.3d at 1320.

3

Case No.: 13-CV-04724-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The Supreme Court recently stated that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) (citing a law review article for the proposition that "domicile, place of incorporation, and principal place of business are paradigm bases for the exercise of general jurisdiction" (internal quotation marks and alterations omitted)). The Court concludes that the Complaint adequately alleges that Mr. Kraft is domiciled in and maintains his principal place of business in California. Specifically, Ms. Neves alleges in the Complaint that Mr. Kraft "is a natural person and licensed attorney in the state of California" and that Mr. Kraft can be served at his current business address, which is located in El Dorado Hills, California. ECF No. 1 ¶ 8. The Court concludes that general jurisdiction over Mr. Kraft is proper because Kraft maintains his place of business and is licensed in California.[1]

### B. Claims for Damages

Upon review of Ms. Neves' Complaint, Motion for Default Judgment, and supporting papers, the Court concludes that Ms. Neves has sufficiently alleged violations of the FDCPA, and is entitled to limited damages for the reasons stated below. Accordingly, factors two through four of *Eitel*—the substantive merits of plaintiff's claim, the sufficiency of the complaint, and the amount of money at stake—favor entry of default judgment. *See Eitel*, 782 F.2d at 1471

Ms. Neves seeks the maximum $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k. An individual who brings suit against "any debt collector who fails to comply" with the FDCPA may claim "damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A).[2] "In determining the amount of [statutory] liability[,] . . . the court shall

---

[1] In addition, there would be specific jurisdiction here because the underlying litigation was brought in Santa Clara County Superior Court and the allegedly improper communication was mailed from a California address to a California address. *See* ECF No. 1 ¶ 12; ECF No. 20-2; *see also Sluys v. Hand*, 831 F. Supp. 321, 324 (S.D.N.Y. 1993) ("Where an alleged debtor is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the [FDCPA], suits may be brought where the debtor . . . receive[s] the communications.").

[2] Although the statute also allows for the collection of actual damages, Neves does not seek them. Rather, she seeks to collect only statutory damages, which is permissible. *See Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982) ("There is no indication in the statute that award of statutory damages must be based on proof of actual damages.").

consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Ms. Neves alleges that Mr. Kraft is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and violated the FDCPA, which justifies awarding her the statutory maximum in damages.

Under § 1692a(6), a "debt collector" is, in part, "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Ms. Neves' allegations establish that Mr. Kraft is a debt collector. In the Complaint, Ms. Neves alleges that "[t]he principal purpose of KRAFT's business is the collection [of] defaulted consumer debts due or alleged to be due another" and that "KRAFT is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others." ECF No. 1 ¶ 8.

The FDCPA prohibits a variety of collection-related activities, including certain communications with consumers. 15 U.S.C. § 1692c. In the instant case, Ms. Neves contends that Mr. Kraft ran afoul of one of those prohibitions, 15 U.S.C. § 1692c(a)(2), pursuant to which "a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

The question here is whether Mr. Kraft's sending of a pleading in the underlying action to Ms. Neves after Ms. Neves' counsel, Mr. Schwinn, had notified Mr. Kraft that Ms. Neves was represented warrants the statutory maximum in damages. In determining statutory damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). With regard to the first factor, the frequency of noncompliance, this Court has previously limited statutory damages to $500 where there was only a single occurrence of wrongdoing. *See Silva v. Jason Head, PLC*, No. 09-5768, 2010 U.S. Dist. LEXIS 121557, at *14 (N.D. Cal. Nov. 4, 2010). With regard to the second factor, the Court notes that the nature of the

5

noncompliance here, and the probable effect on the debtor, is somewhat less severe than other FDCPA cases that this Court has considered. *Id.* (debt collector falsely threatened plaintiff with non-existent litigation, which "was clearly meant to intimidate and frighten Plaintiff"); *Castro v. Commercial Recovery Sys.*, No. 13-2555, 2014 U.S. Dist. LEXIS 33675 (N.D. Cal. Mar. 13, 2014) (multiple threatening phone calls to plaintiff's workplace, including after plaintiff admonished defendant that plaintiff was not allowed to receive collection calls at work). In contrast, here, Mr. Kraft sent one document to Ms. Neves. The Court finds that this is much less likely to intimidate or frighten a debtor than receiving a phone call at one's house or place of employment. The Court finds the third factor, whether the noncompliance was intentional, neutral. It is impossible to tell based on the sparse record before the Court whether Kraft deliberately sent the document in the underlying action to Ms. Neves knowing that Ms. Neves was represented or whether the sending of the document in the underlying action resulted from an error in service whereby Mr. Kraft negligently continued serving Ms. Neves directly even though Ms. Neves had retained counsel. In light of the fact that noncompliance occurred only once, and the noncompliance was not particularly severe, the Court finds that it would be inappropriate to award the statutory maximum of $1,000. Instead, the Court awards Ms. Neves $350 in damages under 15 U.S.C. § 1692k.

### C.     Remaining *Eitel* Factors

The Court concludes that the remaining enumerated *Eitel* factors are consistent with entry of default judgment in this case. Regarding the possibility of a dispute concerning material facts (factor 5), the alleged facts are readily verifiable through records, and there is a low likelihood that Mr. Kraft could successfully contest them. As to whether default was due to excusable neglect (factor 6), Ms. Neves provided sufficient proof of service, *see* ECF No.9, Mr. Kraft never responded or filed any papers, and no circumstances indicate excusable neglect by Mr. Kraft. Finally, regarding the possibility of prejudice to Ms. Neves and public policy concerns (factors 1 and 7), adjudication on the merits is not possible because Mr. Kraft has not participated in this case, and Ms. Neves may have no recourse if default is denied. Accordingly, no relevant factors preclude default judgment in this situation.

### D.     Attorneys' Fees

The FDCPA allows plaintiffs to recover reasonable attorneys' fees and costs. *See* 15 U.S.C. § 1692k(a)(3). "District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (internal quotation marks omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* A "district court has a great deal of discretion in determining the reasonableness of the fee." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks omitted).

Mr. Schwinn represents that he spent 9.5 hours performing legal services on behalf of Ms. Neves in the instant litigation. ECF No. 20-3 ¶ 17; ECF No. 20-4. This work included, most prominently two hours drafting the Complaint and four-and-a-half hours drafting the instant Motion. Nothing in Mr. Schwinn's billing records appears out of the ordinary. Mr. Schwinn represents that his hourly rate is $450 per hour. ECF No. 20-3 ¶ 15. This Court, on a contested motion for attorneys' fees in another case, concluded that a $400 hourly rate for Mr. Schwinn for work done in 2012 and early 2013 was reasonable. *Johnson v. CFS II, Inc.*, No. 12-1091, ECF No. 77, at 12-14 (N.D. Cal. Dec. 27, 2013). In the instant case, Mr. Schwinn seeks a rate of $450 per hour for services provided in late 2013 and early 2014. Magistrate Judge James recently found that this increase in Mr. Schwinn's rates reasonable in light of Mr. Schwinn's experience. *Rivera v. Portfolio Recovery Assocs., LLC*, No. 13-2322, 2013 U.S. Dist. LEXIS 136002, at *10-*13 (N.D. Cal. Sept. 23, 2013). This Court agrees, particularly in light of Mr. Schwinn's seventeen years of experience in the specialized field of consumer protection litigation under the FDCPA and similar statutes. ECF No. 20-3 ¶ 8. Furthermore, Ms. Neves has submitted declarations from two lawyers of comparable skill to that of Mr. Schwinn that state that Mr. Schwinn's $450 per hour billing rate is fair and reasonable in the San Francisco Bay Area market for someone who has Mr. Schwinn's

experience. *See* ECF No. 20-5; ECF No. 20-6. Having found both the hours and the hourly rate reasonable, the Court finds that an award of $4,275 in attorneys' fees is appropriate.

Plaintiff also requests $491.92 in costs. A substantial majority of this amount, $400, is for filing fees. The remainder is made up of copying and postage expenses and process server fees. The Court finds these amounts reasonable and awards Plaintiff $491.92 in costs.

## IV.   CONCLUSION

For the foregoing reasons, Ms. Neves' motion for default judgment is GRANTED in part and DENIED in part. Ms. Neves is awarded $350 in damages, $4,275 in attorneys' fees, and $491.92 in costs under 15 U.S.C. § 1692k. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: May 22, 2014                              _____
                                                 LUCY H. KOH
                                                 United States District Judge